UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EXCELLER SOFTWARE CORP., et al.,         Case No. 1:18-cv-538

    Plaintiffs,                                                    Barrett, J.
                                                                             Bowman, M.J.

v.

JEFFREY DINE, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

On August 2, 2018, *pro se* Plaintiffs Ergun Fikri and Exceller Software Corporation paid the requisite filing fee and initiated this litigation against their former attorneys, Jeff Dine, Jack Yoskowitz, Mark Hyland, and Seward & Kissel LLP (S&K). On August 10, 2018, Plaintiffs filed an amended complaint. (Doc. 3). Pursuant to local practice, this case has been referred to the undersigned for initial consideration. Upon review, I recommend that the case be DISMISSED *sua sponte* for lack of subject matter jurisdiction.

**I.    Background**

As Plaintiffs readily admit, the instant complaint closely relates to a prior complaint filed in this Court by the same Plaintiffs[1] against the same Defendants, Civil Case No. 1:17-cv-277, which complaint invoked this Court's diversity jurisdiction. (Doc. 3 at 8).

---

[1] A corporation cannot represent itself or be represented by a *pro se* litigant. In Case No. 1:17-cv-277, Mr. Fikri appeared *pro se*, but Exceller was represented by counsel. As no counsel yet has appeared on behalf of Exceller in this case, that entity would not be able to proceed further if this Court had jurisdiction. *See generally Ginger v. Cohn*, 426 F.2d 1385 (6th Cir. 1970).

1

However, on February 16, 2018, Plaintiffs' prior case was dismissed after this Court determined that it lacked subject matter jurisdiction. (*See* Docs. 23, 24, 25).

Although the face of Plaintiffs' new amended complaint again identifies diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as the sole basis for this Court's jurisdiction, (Doc. 3 at 4), the body of the amended complaint also invokes 28 U.S.C. §1331, or federal question jurisdiction. (Doc. 3 at 8).

**II.     Analysis**

A complaint must set forth a basis to conclude that subject matter jurisdiction exists, and the plaintiff bears the burden of establishing the existence of federal jurisdiction. *Walburn v. Lockheed Martin Corp.,* 431 F.3d 966, 970 (6th Cir.2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications,* Inc., 123 F.3d 935, 938 (6th Cir.1997)). Having undertaken a review to determine the basis for subject matter jurisdiction, the undersigned concludes that this fee-paid case warrants *sua sponte* dismissal for lack of subject matter jurisdiction. *See generally*, Rule 12(b)(1); *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)).

First, it is noted that the asserted basis for diversity jurisdiction in the instant complaint is identical to the basis for diversity jurisdiction previously alleged in Case No. 1:17-cv-277. Plaintiffs did not appeal the prior judgment of this Court that it lacks subject matter jurisdiction under 28 U.S.C. §1332. For the reasons previously expressed in that case, this Court has already determined that the purported Plaintiff corporation (Exceller) and Defendants are not diverse; therefore, the undersigned again concludes that the Court does not have diversity jurisdiction.

Plaintiffs' additional assertion of federal question jurisdiction is based upon the contention that Plaintiffs' claims against their prior attorneys arise out of Defendants'

alleged course of conduct in an earlier copyright infringement case, litigated in the Southern District of New York, in which Defendants represented Plaintiffs on a pro bono basis. The prior New York case was settled for $400,000.00 more than seven years ago, in April 2011. Plaintiffs allege that they later became aware that Exceller's claims were worth much more money and that Defendants' legal representation of Exceller in New York was deficient, resulting in a substantial financial loss for Exceller, based in part on Defendants' alleged failure to assert certain claims. Plaintiffs argue that because the New York federal court had jurisdiction over the underlying copyright claims, this Court also should find that federal question jurisdiction exists over Plaintiffs' malpractice claims.

Plaintiffs are mistaken. The fact that the underlying New York case on which Plaintiffs' legal malpractice claims are based itself was based in part on federal copyright law is not sufficient to invoke federal question jurisdiction in this Court. *See Gunn v. Minton*, 133 S.Ct. 1059 (2014) (holding that federal court does not have exclusive jurisdiction over legal malpractice claim merely because underlying case arises under patent law); *Auto-Owners Ins. Co. v. Ergonomics Plus, Inc.*, 63 Fed. Supp.3d 754, 760 (E.D. Mich. 2014) (discussing *Gunn* and holding that "while the copyright issue may be significant to the particular parties," plaintiff's declaratory judgment action did not arise under federal copyright law). Plaintiffs' latest amended complaint sets forth just three specific claims: malpractice, breach of fiduciary duty, and "Fraud and Deceit and Violation of Judiciary Law 487." (Doc. 3 at 7). Having reviewed the entirety of Plaintiffs' current complaint, and under the authority of *Gunn*, the undersigned finds that none of Plaintiffs' claims fall within the jurisdictional purview of 28 U.S.C. § 1331. *See also Wolfson v. Ernst*, 112 F. Supp. 3d 167 (S.D.N.Y. 2015).

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** Plaintiffs' complaint be **DISMISSED** *sua sponte* for lack of jurisdiction and that this case be dismissed and stricken from the active docket.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EXCELLER SOFTWARE CORP., et al.,            Case No. 1:18-cv-538

    Plaintiffs,                                                Barrett, J.
                                                              Bowman, M.J.

    v.

JEFFREY DINE, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).