**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| EXCELLER SOFTWARE CORP., et al., | Case No. 1:18-cv-538 |
| Plaintiffs, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| JEFFREY DINE, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

On August 2, 2018, *pro se* Plaintiffs Ergun Fikri and Exceller Software Corporation ("Exceller"), paid the requisite filing fee and initiated this litigation against their former attorneys, Jeff Dine, Jack Yoskowitz, Mark Hyland, and Seward & Kissel LLP (S&K). On August 10, 2018, Plaintiffs filed an amended complaint. (Doc. 3). Pursuant to local practice, this case was referred to the undersigned for initial consideration. On August 24, 2018, the undersigned recommended that the case be DISMISSED *sua sponte* for lack of subject matter jurisdiction. (Doc. 13, Report and Recommendation ("R&R")).

I. **Background of Post-R&R proceedings**

On September 6, 2018, Plaintiffs filed objections to the recommended *sua sponte* dismissal of the entirety of this lawsuit. (Doc. 16). On October 1, 2018, Plaintiffs filed a "supplemental memorandum" concerning the same R&R, (Doc. 18), which Defendants have construed as an improper sur-reply to Defendants' response to Plaintiffs' objections to the R&R. Plaintiffs' objections, Defendants' response, and the supplemental

memorandum (a/k/a construed sur-reply) all remain pending before the presiding district judge, along with the R&R.

Three additional motions filed over the past year now require additional attention: (1) Defendants' motion to strike Plaintiff's second supplemental brief; (2) Plaintiffs' motion for leave to file supplemental briefs and sur-replies; and (3) Plaintiff's motion for leave to find a new attorney for Exceller. For the reasons that follow, Defendants' motion will be granted in part and denied in part, and Plaintiffs' motions will be denied.

Ten months after the R&R was filed, Plaintiff Fikri filed yet another "supplemental brief." The June 25, 2019 document appears to be in the nature of further objections or an additional sur-reply to the undersigned's recommended dismissal of this case. On July 3, 2019, Defendants filed a motion to strike the latest supplemental brief as an untimely and improperly filed second sur-reply. (*See* Doc. 20). In turn, Plaintiff Ergun Fikri filed a *pro se* response in opposition to Defendants' motion to strike, and both the *pro se* Plaintiff and the corporate Plaintiff (ostensibly through counsel)[1] filed a motion specifically seeking leave to file "supplemental briefs and sur-replies." (Docs. 21, 22).

Defendants filed a response in opposition to Plaintiffs' motion in which Defendants accuse Plaintiff Fikri of forging the signature of Rick Jones, Exceller's attorney, and/or of improperly signing on Exceller's behalf. (Doc. 23). The motion is supported by the Declaration of counsel verifying the authenticity of an email exchange between Mr. Jones

---

[1] At the time the R&R was filed, Exceller was not represented. Counsel first appeared on behalf of Exceller on September 6, 2019. The disputed "motion for permission to file supplemental briefs and sur-replies" facially appears to bear two different signatures: that of plaintiff Ergun Fikri, and a second signature that by "Rick A. Jones" on behalf of Exceller. However, as discussed *infra*, it appears that counsel for Exceller did not authorize his signature on the motion seeking leave to file "supplemental briefs and sur-replies."

and defense counsel, wherein Mr. Jones conceded that he had not authorized his signature on the court filing. In addition, on July 23, 2019, court staff had a brief telephone conversation with Mr. Jones in which he admitted that the signature on the referenced motion was not his own. Despite being advised by court staff to clarify the status of the contested signature in writing, no formal written clarification has been filed by Mr. Jones. On the other hand, further clarification has been provided by Plaintiff Fikri in the third motion pending before this Court.

Specifically, on August 14, 2019, Plaintiff filed a motion seeking "leave to find a new attorney." (Doc. 24). In this motion, Plaintiff clarifies that he is seeking to retain new counsel to represent Exceller. Plaintiff denies that he forged the signature of Mr. Jones and instead asserts that he merely "sign[ed] on behalf of his Company with his own signature." (Doc. 24 at 2). At the same time, Plaintiff admits that because Mr. Jones was traveling and unable to sign on behalf of his corporate client, Plaintiff signed on behalf of Exceller instead. Still, Plaintiff maintains that he has ever "knowingly forged anyone's signature." (*Id.*) Plaintiff has attached to his motion the same copies of email correspondence submitted by Defendants, in which Mr. Jones admits that he did not authorize Mr. Fikri to sign the motion on his behalf. Thus, both parties and their counsel have now confirmed that the contested signature was not penned by Mr. Jones, but by the *pro se* Plaintiff Fikri. Although Mr. Jones has yet to file a formal motion to withdraw from representation as required, Plaintiff Fikri has made clear that he is seeking new counsel to represent Exceller.

## II. Analysis

Defendants' motion to strike Plaintiff's second supplemental brief, construed as yet another sur-reply filed ten months post-R&R and without leave of court, will be granted only in part. The undersigned agrees that the document is untimely as well as procedurally improper and should be given no further consideration. At the same time, the undersigned declines to strike the document for reasons of judicial economy; namely, so that any reviewing court will have access to the complete record.

Plaintiff's motion for leave to file supplemental memoranda and sur-replies will be denied. The time for such filings is long past, and Plaintiff's insistence on continuing to file procedurally improper and legally frivolous arguments does nothing but further consume scarce judicial resources. If the presiding district judge declines to adopt the pending R&R and permits this case to continue, then – and only then – would it be appropriate to permit Plaintiff to file anything more in this record.

Plaintiff's motion for leave to find a new attorney will be denied for the same reasons. The undersigned recommended dismissal of this case more than a year ago; there is no basis for further representation. Moreover, there is no constitutional right to counsel in a civil case, and this case does not present the type of "exceptional circumstances" in which the court would consider attempting to find counsel willing to represent Exceller on a pro bono basis. *See Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).

## III. Conclusion and Order

For the reasons stated herein, **IT IS ORDERED THAT:**

1. Defendants' motion to strike (Doc. 20) is **GRANTED** in part, to the extent that the supplemental brief (Doc. 19) should not be considered, but will not formally be stricken from the record;

2. Plaintiffs' motion for leave to file supplemental memoranda and sur-replies (Doc. 21) is **DENIED**;

3. Plaintiffs' motion seeking an extension of time to retain new counsel (Doc. 24) is **DENIED**;

4. Any further filings in this case are procedurally improper, and the filing of any further motions will be summarily denied, pending the Court's adoption or rejection of the pending R&R.

*s/ Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge