UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Exceller Software Corp., *et al.*, | ) | Case No. 1:18-cv-538 |
| | ) | |
| Plaintiffs, | ) | Judge Michael R. Barrett |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Jeff Dine, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's August 24, 2018 Report and Recommendation (Doc. 13) relating to a lawsuit filed *pro se* by Plaintiffs Exceller Software Corporation and Ergun Fikri against their former attorneys, Jeff Dine, Mark Hyland, Jack Yoskowitz, and the Law Firm of Seward & Kissel LLP.[1] The Magistrate Judge has recommended that Plaintiffs' case be dismissed *sua sponte* for lack of subject matter jurisdiction.

The parties received proper notice under Fed. R. Civ. P. Rule 72(b) (*id.* at PageID 135), which included notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As permitted under the rule, Plaintiffs filed timely objections (Doc. 16) and Defendants filed a response (Doc. 17). Plaintiffs then filed a "sur-reply" to Defendants' response (Doc. 18) without seeking leave of Court to do so.[2] Out of an

---

[1] Plaintiffs filed their original Complaint on August 2, 2018. (Doc. 1). On August 10, 2018, Plaintiffs filed an Amended Complaint. (Doc. 3).
[2] At the time the R&R was filed, Exceller was not represented. Attorney Rick A. Jones first appeared on

1

abundance of caution, the Court has considered the points raised in both Plaintiffs' objections and their "sur-reply."

## I. STANDARD OF REVIEW

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

This case closely relates to a prior civil action between the same parties that this Court dismissed for lack of subject matter jurisdiction. *Exceller Software Corp. v. Dine*, No. 1:17-cv-277, 2018 WL 542252 (S.D. Ohio Jan. 23, 2018), *report and recommendation adopted by* 2018 WL 925401 (S.D. Feb. 16, 2018) ("Prior Civil Action").[3] On the motion to dismiss of Defendants, Magistrate Judge Karen L. Litkovitz concluded there was not complete diversity of citizenship between Plaintiffs and Defendants and, hence, this Court

---

behalf of Exceller on September 6, 2019. (Doc. 15). The objections filed that same date bear the signatures of both attorney Jones on behalf of Exceller and Mr. Fikri proceeding *pro se*. (Doc. 16 at PageID 145). The same two signatures appear on Plaintiffs' improperly filed "sur-reply" to Defendants' response to Plaintiffs' objections filed on October 1, 2018. (Doc. 18 at PageID 168, 177). The Court assumes that the signature of attorney Jones is valid on the referenced two documents, notwithstanding the fact that Mr. Fikri signed—without permission—attorney Jones' name on a filing titled "Plaintiffs' Motion for Permission to File Supplemental Briefs and Sur-Replies" (Doc. 21). (*See* Memorandum Opinion and Order, Doc. 25 at PageID 216).

[3] The Court may take judicial notice of these proceedings in reviewing the instant R&R. *See generally Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.") (quotation and citation omitted); *see also Levy v. Bloomingdale's, Inc.*, No. 13-cv-128, 2014 U.S. Dist. LEXIS 1810, at *4 n.2 (S.D. Ohio Jan. 7, 2014) ("The Court can take judicial notice of matters of public record, including court records available through the PACER system via the internet."), *report and recommendation adopted by* 2014 U.S. Dist. LEXIS 9600 (S.D. Ohio Jan. 27, 2014).

lacked subject matter jurisdiction. 2018 WL 542252, at **1–3. No objections were filed to the Magistrate Judge's R&R, which this Court subsequently adopted. 2018 WL 925401, at *1. Here, Magistrate Judge Bowman also has found that this case should be dismissed for lack of subject matter jurisdiction, notwithstanding Plaintiffs' allegations in the Amended Complaint that this "new" civil action arises under both diversity and federal question jurisdiction. Plaintiffs object to both findings, which will be discussed in turn.

### A. This Court Lacks Diversity Jurisdiction

Relying on the reasons expressed by Magistrate Judge Litkovitz in the Prior Civil Action, Magistrate Judge Bowman has correctly concluded that the Court does not have diversity jurisdiction. Mr. Fikri is under the mistaken impression that he can assert diversity jurisdiction as to the controversy between himself and Defendants and federal question jurisdiction as to the one between Exceller and Defendants. (*See* Doc. 16 at PageID 140, Doc. 18 at PageID 162, and Doc. 3 at PageID 55–58, 62). He is unequivocally wrong. The phrase "between . . . citizens of different States" means complete diversity between *all* plaintiffs and *all* defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (the general diversity statute[4] "applies only to cases in which the citizenship of <u>each</u> plaintiff is diverse from the citizenship of each defendant") (emphasis added)); *see V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (under the general diversity statute, "there must be complete diversity such that <u>no</u> plaintiff is a citizen of the same state as any defendant") (emphasis added) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Mr. Fikri may indeed be diverse from Defendants, but

---

[4] 28 U.S.C. § 1332(a)(1).

Exceller, being a citizen of both New York and Ohio,[5] plainly is not. Plaintiffs' objection as to diversity jurisdiction, therefore, is overruled.

## B. This Civil Action Does Not Arise Under Federal Copyright Law

As noted by the Magistrate Judge, Plaintiffs assert federal question jurisdiction[6] based on the premise that their malpractice claim against Defendants arises out of Defendants' alleged course of conduct in a copyright infringement case litigated in the Southern District of New York. (*See* Doc. 13 at PageID 132–33). Citing *Gunn v. Minton*, 568 U.S. 251 (2014) and *Auto-Owners Ins. Co. v. Ergonomics Plus, Inc.*, 63 F. Supp. 3d 754 (E.D. Mich. 2014) (discussing *Gunn*), the Magistrate Judge determined that those underlying facts were "not sufficient to invoke federal question jurisdiction in this Court." (*Id.* at PageID 133).

According to Plaintiffs, the Magistrate Judge is "wrong" and has made a "clear mistake" because the Amended Complaint presents a "case within a case" over which federal jurisdiction can be exercised. (Doc. 16 at PageID 139). They argue that the Magistrate Judge misinterpreted *Gunn* and urge this Court to follow a Florida appellate court decision, *Solar Dynamics, Inc. v. Buchanan Ingersoll & Rooney*, PC, 211 So. 3d 294 (Fl. Ct. App. 2017). Upon review of the case law, however, the Court determines that it is Plaintiffs who are wrong.

Before analyzing application of *Gunn*, or *Solar Dynamics* as Plaintiffs urge, the Court, as a preliminary matter, takes judicial notice of the underlying Southern District of New York litigation to which Plaintiffs refer in their Amended Complaint. *See supra* n.3.

---

[5] *See supra Exceller Software Corp. v. Dine*, No. 1:17-cv-277, 2018 WL 542252 (S.D. Ohio Jan. 23, 2018) & Doc. 12-1.
[6] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In that litigation, Defendants represented Plaintiff Exceller against Pearson Education and Addison-Wesley Longman, bringing claims for a declaration of joint authorship and for an accounting, copyright infringement, breach of contract, and unfair competition. *Exceller Sofware Corp. v. Pearson Education, Inc.*, No. 1:10-cv-00381-PGG, ECF# 6 (S.D.N.Y. Jan. 15, 2010). That matter settled—on the record in open court after mediation—for $400,000. (Doc. 3 at PageID 90–95).

In *Gunn*, a patent owner brought a malpractice claim in state court against his attorneys over a failed patent infringement lawsuit litigated in federal court. Having lost at the trial court level, on appeal he argued that the state court lacked subject matter jurisdiction to decide his malpractice claim. The success of his claim, he reasoned, relied on a question of federal patent law, over which federal courts have exclusive jurisdiction under 28 U.S.C. § 1338.[7] 568 U.S. at 253–56. Eventually the Supreme Court granted certiorari, and ultimately ruled that § 1338(a) "does not deprive the state courts of subject matter jurisdiction." *Id.* at 264. To quote Chief Justice Roberts, "we are comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a)." *Id.* at 258. While resolution of a federal patent question was "necessary" to the underlying malpractice case—a "case within a case"—it was not "substantial in the relevant sense." *Id.* at 259, 260. "There is no doubt that resolution of a patent issue in the context of a state legal malpractice action can be vitally important to the particular parties in that case. But

---

[7] "The district courts shall have original jurisdiction of any civil action under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. . . . " 28 U.S.C. § 1338(a). Obviously, § 1338 applies to copyright actions as well, and so does the rule in *Gunn*. *Wolfson v. Ernst*, 112 F. Supp. 3d 167, 172 (S.D.N.Y. 2015); *Auto-Owners Ins. Co.*, 63 F. Supp. 3d at 760.

something more, demonstrating that the question is significant to the federal system as a whole, is needed." *Id.* at 264.

Plaintiffs argue that *Gunn* is inapplicable because, there, "the Federal Court had already made a ruling on the scope and validity of Minton's patent [which] was invalid." (Doc. 18 at PageID 162). In contrast, in the Southern District of New York litigation, the matter settled in lieu of proceeding to a judgment on the merits of their copyright claims. Thus, according to Plaintiffs, it is akin instead to *Solar Dynamics*, where a Florida appellate court decided that the state trial court lacked subject matter jurisdiction over a malpractice action that would require it to resolve "core federal issues relating to the scope, validity, or infringement of [a] patent." 211 So. 3d at 301.

The Court notes that it is not bound to follow the ruling of a state appellate court regarding federal issues of jurisdiction, but, nonetheless, we find the facts of *Solar Dynamics* readily distinguishable. Solar retained an attorney to obtain a patent for its fastening shade system. *Id.* at 296. Once in hand, Solar attempted to negotiate a license agreement with another company. That company declined, claiming the patent was "too weak," and then designed and promoted its own shade system, quite similar to Solar's. *Id.* Stymied, Solar sought additional legal advice, only to be told that its patent "provided no protection." Rather than filing a federal patent infringement suit against its competitor, it sued the attorney who originally prosecuted the patent for malpractice in state court. *Id.* But in so doing, Solar circumvented the essential predicate step—that is, creating the initial "case" that underpins the claim of malpractice. Thus, the state court would be forced to decide, in the first instance, "that the patent was inadequate to protect Solar from infringement by competitors." *Id.* at 298.

6

In the course of its research, the Court could not find any other decision—federal or state—that has cited, much less followed, *Solar Dynamics*. This is not surprising, because its facts necessarily render it an outlier. The facts of this case, however, render it, as Defendants urge, on "all fours" with *Gunn*. (Doc. 17 at PageID 158). Quoting from *Solar Dynamics*, "Recall that Minton claimed Gunn committed malpractice <u>by not raising an argument</u> in a federal case concerning the patent's validity. <u>That alleged failure created the 'case'</u> that a state trial court could address in the subsequent legal malpractice case." 211 So. 3d at 298 (emphases added). Here, Plaintiffs argue that Exceller's counsel underestimated their client's chance of success on the merits and, consequently, sold it short in settlement. (*See* Doc. 18 at PageID 165 ("All of Exceller's Claims were winnable.")). Like the lawyer in *Gunn*, then, counsel in this matter purportedly failed to raise—before the magistrate judge as mediator and opposing counsel—arguments that should have led to a more favorable result for their client. And that alleged failure creates the predicate "case" missing in *Solar Dynamics*. Plaintiffs' objection as to federal question jurisdiction, then, is also overruled.

### III. CONCLUSION

After a de novo review of all filings in this matter and taking judicial notice of the underlying Southern District of New York litigation, the Court finds no factual, procedural or legal errors in the analysis or recommendation of the Magistrate Judge. Accordingly, the Court **ACCEPTS** and **ADOPTS** the August 24, 2018 Report & Recommendation (Doc. 13) and *sua sponte* **DISMISSES** the Amended Complaint (Doc. 3) for lack of subject matter jurisdiction. And because the Court lacks subject matter jurisdiction of this civil action, "Plaintiff's Motion to Alert this Federal Court that the Defendants Have Perpetrated

7

Fraud upon the Court in the Most Eggregious [sic] Manner and Plaintiffs' [sic] Can Prove It" (Doc. 26) is **DENIED AS MOOT**.

The Clerk shall **TERMINATE** this case from the active docket of the Court.

**IT IS SO ORDERED**.

/s/ Michael R. Barrett
Michael R. Barrett, Judge
United States District Court